E-FILED
Thursday, 18 November, 2010 03:29:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
NOV 18 2010
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY D. HALL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 10-cv-1353 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION and ORDER

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) and the Motion to Appoint Counsel (Doc. 2) filed by Petitioner, Larry D. Hall, on November 5, 2010.

After a second jury trial, Petitioner was convicted of kidnapping a child and transporting her across state lines for the purpose of sexual gratification, in violation of 18 U.S.C. § 1201(a)(1). On December 2, 1997, he was sentenced to life imprisonment. Petitioner appealed and the sentence and conviction were affirmed by the Seventh Circuit Court of Appeals on January 19, 1999. *United States v. Hall*, 165 F.3d 1095 (7th Cir. 1999). A writ of certiorari was denied by the United States Supreme Court on June 21, 1999. *Hall v. United States*, 527 U.S. 1029 (1999) (mem).

On May 21, 2004, Petitioner filed an untimely Motion pursuant to 28 U.S.C. § 2255 stating, among other things, that a mental disorder prevented him for filing the Motion in a timely manner. *See Larry D. Hall v. United States*, 04-cv-1162. On

May 27, 2004, Respondent was directed to file a response addressing Petitioner's equitable tolling argument. After a response was filed, the Motion was found to be untimely and the matter was terminated. In so deciding, this Court noted that there was no evidence in the record that Petitioner's mental difficulties prevented him from filing his Motion in a timely manner. No appeal was filed.

Presently before the Court is a second Motion to Vacate, Set Aside, or Correct Sentence. The Motion itself contains no grounds for relief, no prayer for relief, and is unsigned. The Motion only states, in a section related to timeliness, that "Inadvertence my Attorney did not object to what I told him to object to [sic]." Petitioner also has filed an unsigned Motion to Appoint Counsel stating that "Larry Hall is mentally ill request the court appoint attorney for evidentiary hearing 2255 [sic]." There is no indication in any of Petitioner's filings that someone other than Petitioner filled out and filed the pleadings before the Court.

Title 28 U.S.C. § 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." Section 2244 further provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Motion before the Court is a second or successive § 2255 motion. Notwithstanding any timeliness issues, or the availability of equitable tolling, such a Motion cannot be filed in this Court unless Petitioner has first obtained

permission from the Seventh Circuit Court of Appeals. The record does not reflect that Petitioner has sought the requisite permission. Therefore, this Court is without jurisdiction to entertain the Petition and it is hereby DISMISSED. CASE TERMINATED.

Entered this 18th day of November, 2010

                                        s/Joe B. McDade
                                        JOE BILLY MCDADE
                                        Senior United States District Judge